[Cite as *Stewart v. Ohio Dept. of Transp.*, 2010-Ohio-5470.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PHILLIP STEWART

      Plaintiff

      v.

OHIO DEPARTMENT OF TRANSPORTATION

      Defendant

      Case No. 2010-04807-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Phillip Stewart, filed this action against defendant, Department of Transportation (ODOT), contending his 2003 Honda Accord was damaged as a proximate cause of negligence on the part of ODOT personnel in failing to maintain Interstate 70 in Franklin County free of a hazardous debris condition. Plaintiff described his particular damage event relating he was traveling east on Interstate 70 "in Columbus Ohio near Hauge Ave. [w]hen a truck struck a large piece of metal which caused it to fly into the air and come down on my windshield and front hood and bumper." Plaintiff recalled the incident occurred on February 26, 2010 at approximately 11:55 a.m. Plaintiff submitted with his complaint a "Damage Incident Report Form" that noted the damage-causing metal debris was described as a "steel grate." Plaintiff also submitted a copy of a "Traffic Crash Report" compiled by a Columbus Police Officer who investigated the damage event, which involved four vehicles including plaintiff's 2003 Honda Accord. Furthermore, plaintiff provided photographs depicting the damage to his car. In his complaint, plaintiff requested damages in the amount of $2,327.07, the total cost of replacement parts and automotive repair expenses he incurred as a result of the

February 26, 2010 damage event. The filing fee was paid.

{¶ 2} Defendant conducted an investigation and determined that the damage-causing incident occurred at state milepost 95.00 on Interstate 70 in Franklin County. Defendant related "ODOT did not have notice of the debris on I-70 prior to Plaintiff Stewart's incident." Defendant stated "ODOT believes that the debris existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant specifically denied that ODOT personnel had any knowledge of a debris condition at milepost 95.00 on Interstate 70 prior to the described February 26, 2010 property damage occurrence. Defendant asserted plaintiff did not produce any evidence to establish the length of time the debris condition was on the roadway prior to 11:55 a.m. on February 26, 2010. Defendant also asserted that plaintiff did not offer any evidence to show the damage-causing debris condition was attributable to any conduct on the part of ODOT. Defendant's records (copies submitted) show ODOT did not receive any calls or complaints from any entity referencing debris on Interstate 70 at milepost 95.00.

{¶ 3} Additionally, defendant contended plaintiff did not prove his property damage was proximately caused by negligent roadway maintenance on the part of ODOT. Defendant pointed out the ODOT "Franklin County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently no debris was discovered at milepost 95.00 the last time that section of Interstate 70 was inspected prior to February 26, 2010. The claim file is devoid of any inspection record. Defendant reviewed the ODOT "Maintenance History" (copy submitted) for the specific area of Interstate 70 covering the six-month period preceding February 26, 2010. Defendant found "One Hundred Forty-Two (142) Road Cruiser entries for this section of I-70" during the period from August 1, 2009 to February 26, 2010. Also, defendant's records show ODOT conducted thirty-four maintenance operations in the area during the period from August 1, 2009 to February 26, 2010 with the last time ODOT personnel were in the area prior to plaintiff's incident was February 23, 2010 when pothole patching was performed. According to defendant "if ODOT personnel had found any debris it would have been picked up."

{¶ 4} Despite filing a response, plaintiff did not supply any evidence to establish the length of time the damage-causing debris condition was on the roadway prior to his property damage event. Plaintiff noted "[t]he debris could have existed for as long as 36

hours before the incident as the last time ODOT was in the area was February 23, 2010." Plaintiff did not provide any evidence to prove the damage-causing debris condition was present on the roadway as early as February 23, 2010. Plaintiff contended ODOT was negligent in failing to remove road debris in a timely manner. Furthermore, plaintiff argued defendant acted negligently in not conducting more frequent road inspections.

{¶ 5} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes a basis for a choice among different possibilities as to any issue in the case he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to

reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant actively causes such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff has failed to produce any evidence to prove that his property damage was caused by a defective condition created by ODOT or that defendant knew about the particular debris condition prior to 11:55 a.m. on February 26, 2010.

{¶ 8} Ordinarily, to recover in any suit involving injury proximately caused by roadway conditions including debris, plaintiff must prove that either: 1) defendant had actual or constructive notice of the debris condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not provided any evidence to prove ODOT had actual notice of the debris condition. Therefore, in order to recover plaintiff must offer proof of defendant's constructive notice of the condition as evidence to establish negligent maintenance.

{¶ 9} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 10} Plaintiff has not produced any evidence to indicate the length of time that the debris condition was present on the roadway prior to the incident forming the basis

of this claim. Additionally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the debris condition appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice of the debris.

{¶ 11} Evidence in the instant action tends to show plaintiff's damage was caused by an act of a third party not affiliated with ODOT. Defendant has denied liability based on the particular premise it had no duty to control the conduct of a third person except in cases where a special relationship exists between defendant and either plaintiff or the person whose conduct needs to be controlled. *Federal Steel & Wire Corp. v. Ruhlin Const. Co.* (1989), 45 Ohio St. 3d 171, 543 N.E. 2d 769. However, defendant may still bear liability if it can be established if some act or omission on the part of ODOT or its agents was the proximate cause of plaintiff's injury. Plaintiff has failed to prove, by a preponderance of the evidence, that defendant failed to discharge a duty owed to him, or that his injury was proximately caused by defendant's negligence. Plaintiff failed to show the damage-causing object at the time of the damage incident was connected to any conduct under the control of defendant or any negligence on the part of defendant or its agents. *Hall v. Ohio Dept. of Transp.* (2006), 2006-05730-AD.

{¶ 12} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Defendant submitted evidence showing ODOT personnel were routinely performing work activities on the particular section of Interstate 70 where plaintiff's damage incident occurred. Plaintiff has failed to provide sufficient evidence to prove defendant maintained a hazardous condition on the roadway which was the substantial or sole cause of his property damage. Plaintiff has failed to prove, by a preponderance of the evidence, that any ODOT roadway maintenance activity created a nuisance. Plaintiff has not submitted evidence to prove that a negligent act or omission on the part of defendant caused the damage to his vehicle. *Hall v. Ohio Department of Transportation* (2000), 99-12963-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PHILLIP STEWART

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-04807-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Phillip Stewart
4575 Crystal Ball Drive
Hilliard, Ohio 43026

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street

Columbus, Ohio  43223

RDK/laa
6/15
Filed 7/20/10
Sent to S.C. reporter 11/5/10